# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| BRIAN KEITH HARDWICK, and SARA ANN HARDWICK., § § § *Appellants,* § § v. § § ANDREW H. ANDERSON, and LORI § ANDERSON, AS CO-TRUSTEES OF THE § ALLAN G. ANDERSON REVOCABLE § LIVING TRUST, § § *Appellees.* § | Civil Action No. 4:23-cv-109 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Appellants Brian Keith Hardwick and Sara Ann Hardwick's (the "Hardwicks") appeal from a final judgment entered by the United States Bankruptcy Court for the Eastern District of Texas (Dkt. #1). This appeal presents the Court with issues arising from the Bankruptcy Court's grant of Appellees Andrew H. Anderson and Lori Anderson's (the "Andersons") motion for partial summary judgment. Having considered the briefs, the record, and the relevant pleadings, the Court finds that the Bankruptcy Court's decision should be **AFFIRMED**.

# BACKGROUND

The question at issue in this case is whether the Bankruptcy Court may discharge a debt that Brian Hardwick owed to the Andersons for violations of securities laws or fraud in connection with the sale or purchase of securities (Dkt. #4 at pp. 38–44). The Court construes this case of consisting of the following undisputed facts:

(1) The Andersons sue Brian Hardwick for violations of securities laws or fraud in connection with the sale or purchase of securities in Texas state court (Dkt. #4 at pp. 183–196);
(2) The parties settle the lawsuit and release related claims via a settlement agreement and agreed judgment (Dkt. #1 at pp. 46–49; Dkt. #4 at pp. 50–51);
(3) The settlement agreement and agreed judgment are silent on the issue of Brian Hardwick's liability, but provided that Brian Hardwick would pay a fixed sum to the Andersons and that the judgment was in favor of the Andersons (Dkt. #1 at pp. 46–49; Dkt. #4 at pp. 50–51);
(4) Brian Hardwick does not pay the fixed sum (Dkt. #4 at pp. 93, 215);
(5) The Hardwicks enter bankruptcy (Dkt. #4 at pp. 93, 215); and
(6) The Andersons claim that the Hardwick's obligation to pay the fixed settlement sum is nondischargeable because the debt falls within an exception to discharge under 11 U.S.C. § 523(a)(19) (Dkt. #4 at pp. 239–254).

The Andersons are the children of Allan and Maria Anderson (Dkt. #1, Exhibit 4 at p. 2). After both Allan and Maria Anderson passed away, the Andersons became co-trustees of the Allan G. Anderson Revocable Trust (Dkt. #1, Exhibit 4 at p. 2).[1] Before his death, Allan Anderson invested in four different joint ventures that Regal Energy, LLC ("Regal") operated (Dkt. #4 at pp. 88–95). Brian Hardwick was the Chief Operating Officer of Regal during all relevant times (Dkt. #4 at p. #87). The Andersons claim that Allan Anderson's investments were fraudulently obtained, resulting in litigation against Brian Hardwick (Dkt. #4 at pp. 85–103).[2]

---

[1] The trust's assets include rights under the Agreed Final Judgment (Dkt. #1, Exhibit 4 at p. 3 n.8).
[2] On July 27, 2015, the Financial Industry Regulatory Authority ("FINRA") brought an enforcement action against Brian Hardwick (Dkt. #4 at pp. 104–133). On February 9, 2017, FINRA issued a decision and order finding that Brian

Subsequently, the Andersons brought suit against Brian Hardwick (and others) in the District Court for the 429th Judicial District of Collin County under Case No. 429-04164-2016 (Dkt. #4 at pp. 183–196).³ The Andersons alleged that Brian Hardwick, Regal, and others committed fraud to obtain over $2,000,000 in investments from Allan Anderson (Dkt. #4 at p. 189). The Andersons' listed causes of action were fraud, fraud in the inducement, fraud by nondisclosure, fraudulent concealment, recission under Sections 33(A)(1) and 33(A)(2) of the Texas Securities Act, and a request for joint and several liability of Brian Hardwick under Section 33(F)(1) of the Texas Securities Act (Dkt. #4 at pp. 189–194). Brian Hardwick filed an answer in the Collin County case (Dkt. #1, Exhibit 4 at p. 4).

On August 20, 2019, Brian Hardwick and the Andersons entered into the Mediated Settlement Agreement, dismissing the Andersons' claims with prejudice (Dkt. #1 at pp. 46–49). The Mediated Settlement Agreement did not contain an express denial of liability (Dkt. #1 at pp. 46–49). However, the Mediated Settlement Agreement stated "[t]he parties have all had the opportunity to review and approve this mediated settlement agreement" (Dkt. #4 at p. 47).

On October 4, 2019, the Texas state court entered the Agreed Final Judgment, granting judgment against Brian Hardwick and stating, "the Court hereby signs this Agreed Final Judgment in favor of the Plaintiff" (Dkt. #4 at pp. 50–51).⁴ The Agreed Final Judgment awarded actual

---

Hardwick "acted intentionally or, at a minimum recklessly, when [he and others] misrepresented and omitted material facts . . . " (Dkt. #4 at pp. 308–356). The Bankruptcy Court found that the FINRA decision and order "standing alone cannot support a summary judgment finding of nondischargeability under [11 U.S.C. §523(a)(19)]" (Dkt. #1, Exhibit 4 at p. 16). The Court will not further address the FINRA decision and order because no party has challenged the Bankruptcy Court's findings regarding the FINRA decision and order (Dkt. #7; Dkt. #8).

³ The plaintiffs in the underlying Texas state court case were Lori Anderson, as executrix of the estate of Marie Anderson, and Allan Anderson (Dkt. #4 at pp. 32–33). However, the Court refers to these plaintiffs as the "Andersons" for the purposes of this Order because Andrew H. Anderson and Lori Anderson "are the successor[s] in interest to all claims previously held by Allan G. Anderson and Lori Anderson as Executrix of the Estate of Marie Anderson" against Brian Hardwick (Dkt. #4 at p. 87).

⁴ The parties do not attack the validity of the Agreed Final Judgment.

damages of $3,252,399.68 to the Andersons in addition to post-judgment interest (Dkt. #4 at p. 50). Further, the Agreed Final Judgment states that "[t]his agreed final judgment finally disposes of all claims against Defendant, Brian Keith Hardwick" (Dkt. #4 at p. 50). Akin to the Mediated Settlement Agreement, the Agreed Final Judgment did not contain an express denial of liability (Dkt. #4 at p. 50).

Approximately a month and half after the Texas state court entered the Agreed Final Judgment, the Hardwicks filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code (Dkt. #4 at pp. 93, 215). The Hardwicks received a bankruptcy discharge (Dkt. #4, Exhibit 1 at p. 66).

On March 21, 2021, the Andersons filed a complaint objecting to the discharge of the $3,252,399.68 debt arising from the Mediated Settlement Agreement and Agreed Final Judgment (Dkt. #4 at pp. 13–31, 83–103). The Andersons objected to the discharge of the debt based on 11 U.S.C. § 523(a)(2)(A)–(B), (a)(4), (a)(6), and (a)(19) (Dkt. #4 at pp. 98–101). Subsequently, the Andersons filed a motion for partial summary judgment based on 11 U.S.C. § 523(a)(19) (Dkt. #4 at pp. 239–254). The Hardwicks filed a response to the Andersons' motion (Dkt. #4, Exhibit 1 at pp. 83–91). The Andersons filed a reply (Dkt. #4, Exhibit 1 at pp. 96–106). On January 27, 2023, the Bankruptcy Court granted the Andersons' motion, exempting the $3,252,399.68 from the Hardwicks' bankruptcy discharge (Dkt. #4, Exhibit 1 at pp. 191–211).

The Bankruptcy Court's decision to grant the Andersons' motion depended on its finding that the Andersons' petition in Texas state court only contained claims contemplated in 11 U.S.C. § 523(a)(19)(A) (Dkt. 1, Exhibit 4 at pp. 11–12). "[B]y knowingly consenting to a judgment in the state court case, Defendant consented to a judgment 'for' violations of securities law, or for fraud

in connection with the sale or purchase of securities" (Dkt. #1, Exhibit 3 at p. 12). Therefore, the Bankruptcy Court found that the $3,252,399.68 debt was nondischargeable because it arose from a Texas state court judgment (the Agreed Final Judgment) for violations of securities laws or fraud in connection with the sale or purchase of securities (Dkt. #1, Exhibit 4 at pp. 10–13). *See* 11 U.S.C. § 523(a)(19).

Then, the Andersons filed the "Notice of Stipulation Dismissing Remaining Matters and Finalizing Order Granting Partial Summary Judgment" (Dkt. #4 at p. 11). The Hardwicks appealed the Bankruptcy Court's decision to grant the Andersons' motion (Dkt. #1). Both the Hardwicks and the Andersons have filed briefs supporting their positions (Dkt. #7; Dkt. #8). The issue in this case is whether the Mediated Settlement Agreement or Agreed Final Judgment support the Bankruptcy Court's grant of partial summary judgment in favor of the Andersons based on 11 U.S.C. § 523(a)(19) (Dkt. #7; Dkt. #8).

## LEGAL STANDARD

A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). A bankruptcy court's "findings of fact are reviewed for clear error and conclusions of law are reviewed de novo." *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008); *see also In re Soileau*, 488 F.3d 302, 305 (5th Cir. 2007); *Ferrell v. Countryman*, 398 B.R. 857, 862 (E.D. Tex. 2009). In reviewing the bankruptcy court's findings of fact, the Court defers to the bankruptcy court's determinations of witness credibility. *Saenz v. Gomez*, 899 F.3d 384, 392 (5th Cir. 2018). Mixed questions of law and fact within a bankruptcy case are also reviewed de novo. *See, e.g.*, *In re San Patricio Cnty. Cmty. Action Agency*, 575 F.3d 553, 557 (5th Cir. 2009). Ultimately, a reviewing district court may affirm on any ground

supported by the record, including one not reached by the bankruptcy court. *See Hammervold v. Blank*, 3 F.4th 803, 813 (5th Cir. 2021).

## ANALYSIS

11 U.S.C. § 523(a)(19) is an exception to discharge under the Bankruptcy Code that applies to debts arising from judgments, settlements, and administrative orders based upon violations of federal securities laws, state securities laws, any regulation under such securities laws, or related fraud. 11 U.S.C. § 523(a)(19). The first requirement for this exception applies to:

> [A]ny debt . . . that is for . . . (i) the violation of any of the Federal securities laws . . . any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.

11 U.S.C. § 523(a)(19)(A). In other words, "the debt [must be] for violation of federal or state securities laws or for common law fraud in connection with the sale of a security." *In re Minardi*, 536 B.R. 171, 192 (Bankr. E.D. Tex. 2015). The second requirement requires that said debt:

> [R]esults, before, on, or after the date on which the petition was filed, from (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding; (ii) any settlement agreement entered into by the debtor; or (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C. § 523(a)(19)(B). Under this requirement, "the debt must be memorialized in a judicial or administrative order, or in a settlement agreement." *In re Minardi*, 536 B.R. at 192.

The Hardwicks present three (3) issues to the Court: (1) whether a bankruptcy court should independently determine whether a federal or state securities laws violation or related fraud has occurred for purposes of 11 U.S.C. § 523(a)(19)(A) even though a state court already determined that such a violation or fraud occurred; (2) whether an agreed judgment in Texas state court that

does not contain an explicit finding of liability can support a nondischarge of debt under 11 U.S.C. § 523(a)(19); and (3) whether the Bankruptcy Court erred in finding that the Agreed Final Judgment was sufficient to support the nondischarge of the debt under 11 U.S.C. § 523(a)(19) (Dkt. #7 at pp. 7–8).[5] The Court considers each issue in turn.

## I. The Bankruptcy Court Did Not Err by Precluding Hardwick from Relitigating the Securities Laws Violations and Securities Fraud Claims.

The Hardwicks argue that the Bankruptcy Court "should [have] factually determine[d] whether or not a violation of the statute has occurred in order to disallow discharge in bankruptcy court" (Dkt. #7 at p. 13).[6]

In response, the Andersons claim that 11 U.S.C. § 523(a)(19) is unusual "in that it gives preclusive effect to memorialized judicial decisions or settlements which have not been actually litigated" (Dkt. #8 at p. 13). "Section 523(a)(19) incorporates a process under which a debt arising from a securities law violation may be rendered nondischargeable by awarding a preclusive effect to memorialized judicial decisions, or even settlements, which establish such a liability, and which can be documented to the bankruptcy court" (Dkt. #8 at pp. 13–14).

When another court has made a prior determination of liability regarding securities laws violations or related fraud, 11 U.S.C. § 523(a)(19) requires the Court to accept the other court's

---

[5] The Hardwicks listed seven (7) issues for the Court to decide, but the Court views them as the three (3) listed above (Dkt. #7 at pp. 7–8). The Court further only addresses the merits of this case with respect to the Agreed Final Judgment because it is dispositive and the Bankruptcy Court decided the merits of the underlying case based on the Agreed Final Judgment (Dkt. #1, Exhibit 4 at pp. 10–13).

[6] The Hardwicks base their argument on the United States Supreme Court's decisions in two cases dealing with provisions other than 11 U.S.C. § 523(a)(19). *Brown v. Felson*, 442 U.S. 127 (1979); *Archer v. Warner*, 538 U.S. 314 (2003). These cases deal with 11 U.S.C. § 523(a)(2) and (4), which do not explicitly require entry of an underlying judgment, order, or settlement agreement before it is applicable, unlike 11 U.S.C. § 532(a)(19). *Id.* To the extent these cases direct courts to "conduct further inquiry into the true nature of the debt," they support this Court's decision to consider the record underlying the Agreed Final Judgment to determine if any basis for the Agreed Final Judgment exists outside the scope of 11 U.S.C. § 523(a)(19)(A). *See infra* Section II.

determination of liability without relitigation. *In re Pujdak*, 462 B.R. 560, 574–79 (Bankr. D.S.C. 2011); *In re Osborne*, No. 16–4068, 2017 WL 1232407, at *5 (Bankr. E.D. Tex. Apr. 3, 2017); *In re Minardi*, 536 B.R. 171, 192 (Bankr. E.D. Tex. 2015). The plain language of 11 U.S.C. § 523 requires this result.

Unlike other nondischargeability provisions such as 11 U.S.C. § 523(a)(2) and (4), the second element of 11 U.S.C. § 523(a)(19) "explicitly requires entry of an underlying judgment, order, or settlement agreement before it is applicable." *In re Pujdak*, 462 B.R. at 575. Therefore, another court's determination of securities laws violations or related fraud may serve as a bankruptcy court's finding of nondischargeability. *Id.*; 11 U.S.C. § 523(a)(19). Notably, the Bankruptcy Code "does not add any new elements that must be proven under [11 U.S.C. § 523(a)(19)] and does not give the bankruptcy court exclusive jurisdiction to enter a judgment for any securities law violation" or related fraud. *In re Pujdak*, 462 B.R. at 575; 11 U.S.C. § 523(a)(19). "Thus, a determination of dischargeability under [11 U.S.C. § 523(a)(19)] is made when [another] court makes a finding of a violation of the [state or federal securities laws or related fraud] and a judgment is entered." *In re Pujdak*, 462 B.R. at 575.

Additionally, 11 U.S.C. § 523(a)(19) mirrors the nondischargeability provisions of 11 U.S.C. § 523(a)(11) and (13) that require a determination outside the bankruptcy court as a condition precedent for finding the debt dischargeable. "In each of these subsections, the bankruptcy court does not litigate the underlying claim, but only whether such a claim has already been established." *In re Jafari*, 401 B.R. 494, 499 (Bankr. D. Colo. 2009). "Therefore, the bankruptcy court's only function is to determine whether the underlying order, judgment, settlement agreement, etc. has satisfied the requirements set forth in the applicable [11 U.S.C.

§ 523] provision." *In re Pujdak*, 462 B.R. at 576. Thus, the Hardwicks do not get a second chance to litigate the issues resolved in the Agreed Final Judgment.

    II.    **An Agreed Judgment in Texas State Court that Does Not Contain an Explicit Finding of Liability Can Support a Nondischarge of Debt Under 11 U.S.C. § 523(a)(19).**

Next, the Hardwicks argue that the Bankruptcy Court erred "when it found that the [Mediated Settlement Agreement] and/or [Agreed Final Judgment] were for a securities violation and/or fraud" (Dkt. #7 at pp. #7 at pp. 11–14). According to the Hardwicks, "[i]n order to satisfy the finding that the agreed judgment is 'for' fraud or the sale of a security, there must be a finding that there was a violation of the securities laws or a fraudulent act" (Dkt. #7 at pp. 12–13).

The Andersons claim that "[s]pecific findings indicating the charges being settled or damages awarded are not always necessary under [11 U.S.C. § 523(a)(19)]" (Dkt. #8 at pp. 13–15, 18–19). "The absence of particularized findings is not consequential, and does not give rise to Bankruptcy Court error, when all the claims in play are for securities violations and forms of fraud [that] are related to the sale, and/or purchase, of securities" (Dkt. #8 at p. 11).

"Proper application of [11 U.S.C. § 523(a)(19)] requires a determination of culpability as to the violation of securities laws" or related fraud. *In re Gilley*, No. 12-02066, 2013 WL 690818, *3 (Bankr. M.D.N.C. Feb. 26, 2013); *In re Minardi*, 536 B.R. at 192. The Agreed Final Judgment did not make an express finding as to whether Brian Hardwick committed violations of securities laws or a fraudulent act (*See* Dkt. #4 at pp. 50–51). However, the Texas state court "sign[ed] this Agreed Final Judgment in favor of the Plaintiff[s]" and ordered Brian Hardwick to pay damages (Dkt. #4 at p. 50). Although the Agreed Final Judgment found Brian Hardwick liable to the Andersons, the question remains: on what ground did the Agreed Final Judgment find Brian

Hardwick liable to the Andersons? To answer this question, the Court interprets the Agreed Final Judgment and considers whether it may review the underlying record.

Statutory exceptions to discharge "are construed strictly against the creditor and liberally in favor of the debtor." *In re Duncan*, 562 F.3d 688, 695 (5th Cir. 2009). Therefore, if any basis exists for the Agreed Final Judgment to have been in favor of the Andersons outside the scope of 11 U.S.C. § 523(a)(19)(A), then the Bankruptcy Court clearly erred.

The Court must "look first and foremost to the text of the [Texas state court] judgment as written and, if it is unambiguous, [] must give effect to the literal language used." *In re Piatt Servs. Int'l, Inc.*, 493 S.W.3d 276, 281 (Tex. App.—Austin 2016) (citing *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003)). Where a Texas state court judgment is ambiguous, consideration of the underlying record is appropriate. *Hampton v. Equity Tr. Co.*, 607 S.W.3d 1, 6 (Tex. App.—Austin 2020) (citing *Shanks*, 110 S.W.3d at 447). "An agreed judgment has the same effect as any court judgment." *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 422 (Tex. 2000). "When a judgment is rendered by consent it has neither less nor greater force or effect than it would have had it been rendered after litigation, except to the extent that the consent excuses error and operates to end all controversy between the parties." *Id.* "An agreed judgment should be construed in the same manner as a contract." *Id.* "Judgments should be construed as a whole to harmonize and give effect to the entire decree." *Shanks*, 110 S.W.3d at 447.

The Court must consider the record underlying the Texas state court case because the Agreed Final Judgment is ambiguous. The Agreed Final Judgment indicates that it is "in favor of the Plaintiffs" and that Brian Hardwick must pay damages to "the Plaintiffs" (Dkt. #4 at p. 50). However, the judgment is unclear on what grounds that it is "in favor of the Plaintiff" (Dkt. #4 at

p. 50). Therefore, the Agreed Final Judgment is subject to more than one reasonable interpretation on what specific grounds that it is "in favor of the Plaintiff," making it ambiguous. *See Watret v. Watret*, 623 S.W.3d 555, 561–62 (Tex. App.—El Paso 2021) (holding that a divorce decree was ambiguous because "the language is subject to more than one reasonable interpretation on what interest each party has in the retirement."). The Court will consider the record underlying the Texas state court case in the next section.

### III. The Bankruptcy Court Did Not Err in Finding that the Agreed Final Judgment Was Sufficient to Support the Nondischarge of the Debt Under 11 U.S.C. § 523(a)(19).

Finally, the Hardwicks claim that the Bankruptcy Court erred in finding that the Agreed Final Judgment supported a finding of dischargeability because the judgment contained allegations other than those that 11 U.S.C. § 523(a)(19)(A) contemplates (Dkt. #7 at pp. 14–16). The Hardwicks argue that the presence of claims for matters other than securities laws violations and related fraud in the Plaintiffs' Second Amended Original Petition constitute other potential bases for judgment in the Agreed Final Judgment (Dkt. #7 at p. 15–16). Specifically, the Hardwicks point out that the Plaintiffs' Second Amended Original Petition contains allegations of "mismanagement, malfeasance, misrepresentations and omissions, misallocations of costs, and application of the funds in direct contravention of the contract in question without any allegation that those are a fraudulent action nor a breach of the securities laws" (Dkt. #7 at p. 15).

In response, the Andersons argue that no other claims or theories existed that could have served as a basis for the Texas state court judgment against the Hardwicks other than those contemplated in 11 U.S.C. § 523(a)(19)(A) (Dkt. #8 at pp. 18–20). The Andersons claim that the Hardwicks inappropriately considered allegations, as opposed to claims and causes of action, in the Plaintiffs' Second Amended Original Petition (Dkt. #8 at p. 19).

The Bankruptcy Court's statement "[t]hat no other possible basis for entry of the judgment exists is crucial to the outcome in this case" is correct (*See* Dkt. #1, Exhibit 4 at p. 12). In Texas state court, a judgment must conform to the pleadings and can only assign liability based on *claims* within said pleadings. TEX. R. CIV. P. 301; *see Bos v. Smith*, 556 S.W.3d 293, 305–306 (Tex. 2018). Therefore, the Court considers which claims may serve as bases for Brian Hardwick's liability in the Agreed Final Judgment. *See* TEX. R. CIV. P. 301.

The Court considers pleadings that may provide a basis for Brian Hardwick's liability in the Agreed Final Judgment. The only Texas state court pleading in the record that states any claims against Brian Hardwick is the Plaintiffs' Second Amended Original Petition (*See* Dkt. 4 at pp. 32–45). However, the Hardwicks argue that the Court should consider Brian Hardwick's Texas state court answer and his pro se status (Dkt. #7 at pp. 16–17). Despite this argument, the Hardwicks do not explain how either consideration would clarify the basis for Brian Hardwick's liability in the Agreed Final Judgment.[7] Therefore, the Court considers only the Plaintiffs' Second Amended Original Petition because it states claims against Brian Hardwick that provide potential bases for his liability in the Agreed Final Judgment (*See* Dkt. 4 at pp. 32–45).

Unlike Federal court, Texas state courts use a "fair notice" pleading standard where a pleading setting forth a claim for relief must contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a). "Providing only fair notice of factual allegations does not provide fair notice of claims or causes of action asserted based on those alleged facts." *Montelongo v. Abrea*, 622 S.W.3d 290, 300 (Tex. 2021). The standard "require[s] that the pleadings provide fair notice of the claim and the relief sought such that the

---

[7] The record does not contain Brian Hardwick's Texas state court answer.

opposing party can prepare a defense." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). Further, the opposing party must be able to "ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).

After careful review of the Plaintiffs' Second Amended Original Petition, the Court finds that all of its claims lie within the scope of 11 U.S.C. § 523(a)(19)(A). The claims in the Plaintiffs' Second Amended Original Petition consist of fraud, fraud in the inducement, fraud by non-disclosure, fraudulent concealment, and rescission under Section 33A(1) and (2) of the Texas Securities Act (Dkt. #4, at pp. 38–42).[8] All of these claims are "violation[s] of any of the Federal securities laws . . . any of the State securities laws, or any regulation or order issued under such Federal or State securities laws . . . or common law fraud, deceit, or manipulation in connection with the purchase or sale of any security." *See* 11 U.S.C. § 523(a)(19)(A). Although the Hardwicks point out the existence of various factual allegations in the Plaintiffs' Second Amended Original Petition, these factual allegations do not rise to the level of claims because they lack "a short statement of the cause of action sufficient to give fair notice of the claim involved." *See* TEX. R. CIV. P. 47(a).

The Agreed Final Judgment necessarily made an implied finding that Brian Hardwick violated state securities laws or committed fraud in connection with the sale or purchase of a security, satisfying the requirements of 11 U.S.C. § 523(a)(19)(A) and (B). Therefore, the

---

[8] In terms of relief sought, the Andersons sought monetary judgment, pre-judgment and post-judgment interest, costs of court, exemplary damages, attorneys' fees, and to hold Brian Hardwick jointly and severally liable under Section 33F(1) of the Texas Securities Act (Dkt. #4 at pp. 43–45).

Bankruptcy Court did not err in finding that the Agreed Final Judgment supported a finding of nondischargeability pursuant to 11 U.S.C. § 523(a)(19).

## CONCLUSION

For the foregoing reasons, the judgment of the Bankruptcy Court is **AFFIRMED**.

**IT IS SO ORDERED.**

**SIGNED this 28th day of March, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE